UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENANCIO ESTEBAN RIEGO,<br><br>    Petitioner,<br><br>    v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Respondents. | Case No. 24-cv-01860-DMR (PR)<br><br>**ORDER OF TRANSFER** |

    Venancio Esteban Riego, a non-citizen detainee currently confined at the Golden State Annex ("GSA") in McFarland, California, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention without a hearing as unconstitutional. Dkt. 1 at 2. Petitioner names several Respondents, including the Field Office Director of the United States Immigration and Customs Enforcement ("ICE") located in San Francisco, as the one "responsible for carrying out ICE's detention operations" at GSA and for "adjudicating requests for release from those detained there." *Id.* at 3. Petitioner cites several cases filed in the Northern District of California in which judges in the district exercised jurisdiction over similar section 2241 petitions naming the San Francisco Field Officer Director as a respondent. *Id.* at 3-4. However, the Ninth Circuit's recent decision in *Doe v. Garland,* makes clear that the proper respondent for a section 2241 petition is the warden of the facility where the prisoner is being held. *See* 109 F.4th 1188, 1198-99 (9th Cir. 2024). In reversing the district court's decision in *Doe,* the Ninth Circuit held the district court erred in exercising jurisdiction over the petitioner's section 2241 petition because he failed to name his immediate custodian as the respondent and filed the petition outside the district of his confinement. *Id.* at 1199. *Doe* also makes clear that for

a section 2241 petition, "jurisdiction lies in only one district: the district of confinement." *Id.* at 1192 (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004)); *see also Lopez-Marroquin v. Barr,* 955 F.3d 759, 759-60 (9th Cir. 2020) (applying the district of confinement rule to a section 2241 petition involving a non-citizen's challenge to his immigration detention).

Like the petitioner in *Doe,* Petitioner is confined at GSA. He failed to name his immediate custodian as the respondent, and he filed his petition outside the district of his confinement. Thus, under *Doe,* this court lacks jurisdiction over Petitioner's section 2241 petition. Here, the only district that has jurisdiction over the petition is the Eastern District of California, where GSA is located and where Petitioner is currently confined.

Where a case is filed in the wrong division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a); *see also Lopez-Marroquin,* 955 F.3d at 760 (ordering the transfer of immigrant detainee's section 2241 petition to the district where the petitioner was confined).

Petitioner could have filed this action in the Eastern District as the only district that has jurisdiction over his section 2241 petition, and he could have named the warden or facility administrator of GSA as the respondent. Accordingly, the court finds that the interests of justice are best served by ordering the immediate transfer of this case to the Eastern District of California, in lieu of dismissal, which would only delay this matter and unduly burden Petitioner.

The Clerk of the Court shall terminate all pending motions and transfer the entire file to the Eastern District of California.

IT IS SO ORDERED.

Dated: September 30, 2024

DONNA M. RYU
Chief Magistrate Judge