# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENANCIO ESTEBAN RIEGO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; CURRENT OR ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; CURRENT OR ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; AND CURRENT OR ACTING UNITED STATES ATTORNEY GENERAL,<br><br>　　　　Respondents. | Case No.  1:24-cv-01162-SKO-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT<br><br>[THIRTY DAY DEADLINE] |

　　Petitioner is a non-citizen detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on March 25, 2024, in the United States District Court for the Northern District of California. (Doc. 1.) On September 30, 2024, the District Court for the Northern District issued an order transferring the case to the Eastern District of California, because Petitioner is being detained within the jurisdiction of the Eastern District. (Doc. 8.) Upon review of the petition, the Court finds Petitioner has failed to name a proper respondent. Petitioner will be granted leave to amend the respondent to avoid

dismissal of the action.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition.  28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004) Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  As explained by the Supreme Court in Padilla, the proper respondent in habeas cases "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 542 U.S. at 435.

Petitioner, a non-citizen, is challenging his ongoing detention at the Golden State Annex ("GSA") located in McFarland, California. Petitioner names the San Francisco Field Office Director, the Immigration and Customs Enforcement Director, the Secretary of the Department of Homeland Security, and the United States Attorney General as respondents in this matter. None of these officials have direct custody of Petitioner, and therefore, none of them are proper respondents.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the facility administrator of his facility.  Padilla, 542 U.S. at 440 ("the

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254 Cases.

1  immediate custodian, not a supervisory official who exercises legal control, is the proper
2  respondent"); West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other*
3  *grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name
4  proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the
5  interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner
6  may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent"
7  wherein Petitioner may name the proper respondent in this action.

**ORDER**

Accordingly, Petitioner is GRANTED thirty days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.  Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **October 2, 2024**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE