UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENANCIO ESTEBAN RIEGO,<br><br>                Petitioner,<br><br>        v.<br><br>MINGA WOFFORD,<br><br>                Respondent. | No.  1:24-cv-01162-SKO (HC)<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER REQUIRING RESPONDENT TO SUBMIT NOTICE OF APPEARANCE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

   Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on March 26, 2024, challenging his continued detention at Golden State Annex Detention Facility in McFarland, California.

   Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's

custodian. Id.

Petitioner states he is being indefinitely detained in violation of his due process rights. Based upon such allegations, Petitioner is challenging the execution of his sentence rather than the imposition of that sentence. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at Golden State Annex Detention Facility and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Petition within SIXTY (60) days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition. Rule 5 of the Rules Governing Section 2254 Cases.

2. Respondent SHALL FILE a Notice of Appearance within TWENTY days of the date of service of this Order.

3. Petitioner's TRAVERSE, if any, is due on or before THIRTY days from the date Respondent's Answer is filed.

4. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California.

/////

/////

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1  All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(h).  All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:     **October 27, 2024**                     /s/ *Sheila K. Oberto*                .
                                               UNITED STATES MAGISTRATE JUDGE